PHILLIP A. TALBERT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED
Apr 13, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAGNINDER SINGH BOPARAI,<br>RAMESH KUMAR BIRLA JR., and<br>SHAMINDERJIT SINGH SANDHU,<br><br>Defendants. | CASE NO. 2:23-cr-0094 DJC<br><br>18 U.S.C § 1958(a) – Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder-For-Hire; 18 U.S.C § 1958(a) – Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

INDICTMENT

COUNT ONE: [18 U.S.C. § 1958(a) – Conspiracy to Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire]

The Grand Jury charges: T H A T

JAGNINDER SINGH BOPARAI,
RAMESH KUMAR BIRLA JR., and
SHAMINDERJIT SINGH SANDHU,

defendants herein, beginning on an unknown date, but no later than on or about February 14, 2023, and continuing through on or about March 31, 2023, in San Joaquin County, State and Eastern District of California, conspired and agreed with each other to knowingly use and cause another to use a facility of interstate commerce, namely, cellular telephones, the internet, and WhatsApp, with the intent that the

murder of Victim 2 be committed in violation of the laws of any State, namely, the State of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, namely, $40,000.

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants BOPARAI, BILRA JR., and SANDHU committed the following overt acts within the Eastern District of California, including, but not limited to, the following:

On March 14, 2023, BOPARAI met with a confidential human informant (CHS) and told him/her he had a job for him/her that entailed making someone (later determined to be Victim 2) "disappear." When the CHS asked for clarification, BOPARAI said words to the effect of, "I don't want to see him at all. Nobody could find him." BOPARAI offered to pay the CHS $40,000 to kill Victim 2.

On March 20, 2023, BOPARAI met again with the CHS, and paid an advance of $10,000 to kill Victim 2.

On March 20, 2023, BOPARAI, BIRLA JR., and SANDHU used cellular telephones to discuss and gather information about Victim 2 and share that information with the CHS related to the identity and potential location of Victim 2. Such information, included, for example, a digital picture of Victim 2, the address and phone number of Victim 2, and a digital picture of Victim 2's Facebook profile.

On March 24, 2023, BIRLA JR. and SANDHU met with the CHS and told him/her to only call Boparai on the "burner" phone. During this conversation, they reiterated that they wanted "no evidence" and told the CHS he/she should not act until it was "one hundred percent" sure there would be no evidence. SANDHU stated words to the effect of, "Yeah no. Another thing is if we don't want don't kill him until its hundred percent take him away to Mexico." BIRLA JR. and SANDHU continued to stress that there could be no evidence, and one of them even specified, "we don't even want dental."

During the above-mentioned conversation on March 24, 2023, SANDHU told the CHS to break Victim 2's phone "right away" because the phone might be tapped. SANDHU explained that "we were trying give a complaint to feds that [Victim 2] is trying to eliminate us" "just to protect ourselves."

After the meeting on March 24, 2023, on the same day, SANDHU called the CHS on the burner phone to tell the CHS not to take any action in killing Victim 2, but to wait a few days in order for the conspirators to prepare their complaints against Victim 2 and send them to law enforcement.

On March 27, 2023, consistent with his March 24, 2023 statement to the CHS, SANDHU contacted the Lathrop Police Department and claimed Victim 2 was soliciting a hitman to kill him.

All in violation of Title 18, United States Code, Section 1958(a).

COUNT TWO: [18 U.S.C. § 1958(a) – Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire]

The Grand Jury further charges: T H A T

JAGNINDER SINGH BOPARAI,

defendant herein, beginning on an unknown date, but no later than on or about February 14, 2023, and continuing through on or about March 31, 2023, in San Joaquin County, State and Eastern District of California, knowingly used and caused another to use facilities of interstate and foreign commerce, specifically, cellular telephones, the internet, and WhatsApp, with the intent that the murder of Victim 2 be committed in violation of the laws of any State, namely, the State of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, namely, $40,000.

FORFEITURE ALLEGATION:   [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, defendants JAGNINDER SINGH BOPARAI, RAMESH KUMAR BIRLA JR., and SHAMINDERJIT SINGH SANDHU shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to:

   a. A sum of money equal to the amount of proceeds traceable to such offenses, for which defendants are convicted.

2. If any property subject to forfeiture, as a result of the offenses alleged in Counts One and Two of this Indictment, for which defendants are convicted:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;
      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporated by Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

PHILLIP A. TALBERT
United States Attorney

INDICTMENT

4

*No.* 2:23-cr-0094 DJC

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

vs.

JAGNINDER SINGH BOPARAI,
RAMESH KUMAR BIRLA JR., and
SHAMINDERJIT SINGH SANDHU

**NO PROCESS NECESSARY**

### I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C § 1958(a) – Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder-For-Hire;
18 U.S.C § 1958(a) – Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire; (3 counts);
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*   **/s/ Signature on file w/AUSA**

_____
*Foreman.*

*Filed in open court this* ___13th___ *day*
*of* ___April___, *A.D. 20* 23

/s/ L. Kennison
_____
*Clerk.*

**NO PROCESS NECESSARY**

*Bail, $* _____

_____ Carolyn K. Delaney _____

GPO 863 525

2:23-cr-0094 DJC

## United States v. BOPARAI, et al.
**Penalties for Indictment**

**Defendants**
JAGNINDER SINGH BOPARAI,
RAMESH KUMAR BIRLA JR., and
SHAMINDERJIT SINGH SANDHU,

**COUNT ONE:**    **ALL DEFENDANTS**

VIOLATION:    18 U.S.C. § 1958 – Conspiracy to commit Murder-for-Hire

PENALTIES:    Up to 10 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

**COUNT TWO:**    **JAGNINDER SINGH BOPARAI**

VIOLATION:    18 U.S.C. § 1958 – Murder-for-Hire

PENALTIES:    Up to 10 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years